### 27777. WALKER et al. v. SMITH (Nettles).

GUNTER, Justice. The appellants come here from an adverse judgment of the court of ordinary which was affirmed by the superior court.

This action began when the appellants filed a pleading in the court of ordinary which was denominated at the beginning of the pleading "Petition to compel executrix to assent to legacy." On the backing of this same pleading it was denominated "Petition of Mrs. Margaret Walker et al. To set aside year's support, etc. Rule nisi." This pleading was filed in the office of the ordinary on July 27, 1972; it did not designate an opposing party, and it was entitled "Re: Estate Number 52358, Belvie M. Smith." The prayers contained in the pleading requested that Mrs. Jimmy Lee Patton Smith

(Nettles) be served by certified United States mail, and that upon hearing, the grant of a year's support to Mrs. Jimmy Lee Patton Smith be revoked and set aside.

The pleading alleged that the appellants were the heirs-at-law of Belvie M. Smith, deceased; that the will of Belvie M. Smith was probated in solemn form in the court of ordinary on April 5, 1955; that the will provided that Mrs. Jimmy Lee Patton Smith was given an estate for life or until her remarriage in certain property with remainder over to the appellants; that a judgment of the court of ordinary awarding said property to Mrs. Jimmy Lee Patton Smith as a year's support was entered by the ordinary at the August term of that court in 1955; that the judgment awarding year's support was in direct conflict with the terms of the will; that Mrs. Jimmy Lee Patton Smith was married to Mr. Nettles on May 24, 1967; that the appellants were entitled to their remainder interest in the property as of May 24, 1967; and one of the prayers was that the year's support judgment rendered at the August term, 1955, of the court of ordinary be set aside.

After a hearing in the matter the court of ordinary entered a judgment to the effect that it did not have jurisdiction to set aside the 1955 year's support judgment, and the relief sought by the appellants was denied. On appeal to the superior court this judgment of the court of ordinary was affirmed.

The appeal was to this court.

The Constitution of Georgia (Code Ann. § 2-3704) prescribes the appellate jurisdiction of this court. This case is not an equity case, having been begun in the court of ordinary which does not have equity jurisdiction. Nor is it a case respecting title to land. See *Outlaw v. Outlaw,* 225 Ga. 317 (168 SE2d 163) (1969).

The Constitution of Georgia (Code Ann. § 2-3708) also provides that the Court of Appeals of Georgia shall have appellate jurisdiction in all cases in which appellate jurisdiction has not been conferred by the Constitution upon the Supreme Court.

Our Constitution (Code Ann. § 2-3704) also provides that when an appeal is brought to either of the appellate courts which belongs to the class of cases of which the other court has jurisdiction, then the case shall be transferred to the proper appellate court having jurisdiction of the case.

This case being a case that comes within the appellate jurisdiction of the Court of Appeals, it is accordingly transferred to that court.

*Transferred to the Court of Appeals. All the Justices concur.*

ARGUED MARCH 13, 1973 — DECIDED MAY 24, 1973.

*J. Sidney Lanier,* for appellants.
*Harold Sheats,* for appellee.